IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110495-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 16, 2012) |
| Jeremy D. Penick, | ) | |
| | ) | 2012 UT App 320 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 091909966
The Honorable Royal I. Hansen

Attorneys:     Samuel P. Newton, Kalispell, Montana, for Appellant
              Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee

-----

Before Judges Orme, Davis, and Voros.

DAVIS, Judge:

¶1     Jeremy D. Penick appeals from a conviction of attempted murder, a first degree felony, *see* Utah Code Ann. § 76-5-203(2)(a) (LexisNexis Supp. 2012); *id.* § 76-4-101; *id.* § 76-4-102(1)(c)(i),[1] arguing that his trial counsel was ineffective for failing to file a motion to suppress evidence that was obtained following what Penick characterizes as an illegal arrest. We affirm.

---

     [1]Because changes to these statutes do not affect our analysis, we cite the current version of the code for the convenience of the reader.

¶2    "With respect to any ineffectiveness claim, a defendant must first demonstrate that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment. Second, the defendant must show that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citations omitted). "The first prong of th[is] . . . standard further requires that a defendant rebut the strong presumption that 'under the circumstances, the challenged action might be considered sound trial strategy.'" *Id.* (additional citation and internal quotation marks omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, trial counsel's failure to object to evidence obtained as a result of Penick's warrantless arrest will not be considered deficient performance if counsel had a sound trial strategy for not objecting.

¶3    Here, trial counsel's decision not to object constituted a reasonable trial strategy. The admitted evidence arising from Penick's arrest—namely Penick's admissions to the arresting officer that he was in the taxi with another individual (Passenger) at the time the taxi driver (Driver) was attacked and that he wrote a letter to Driver expressing his regret that the attack occurred—supports Penick's defense that he was simply in the wrong place at the wrong time. Though trial counsel could have opted to hinge Penick's defense on the unreliability of Driver's eyewitness identification alone, it was not unreasonable for counsel to address Penick's presence in the taxi directly. Indeed, this approach likely took any sting out of the surveillance video that showed Penick and Passenger calling a cab from the motel. And this approach still allowed the defense to attack the reliability of Driver's identification of both Penick and Passenger, rather than Passenger alone, as having been involved in the attack. Although this strategy allowed Penick's statements at the time of the arrest to be admitted, those statements actually lent legitimacy to Penick's argument that he was not involved in the attack, that he tried to help stop the attack, and that he fled from the scene for fear of being accused of Passenger's crime, recognizing that his attempts to stop the attack could have appeared to be participation in it. Penick's statements to police before his arrest also demonstrate that his story has been consistent throughout the case, and though he initially withheld some details during his first two interviews with the police (before he was arrested), his hesitancy to be forthright is itself consistent with his defense theory that his level of involvement in the attack could be easily misconstrued. Similarly, the letter Penick wrote to Driver does not admit any participation in the attack; rather, the letter indicates Penick's regret for not "help[ing Driver] more," stating, "[Y]ou [were] treated very wrong. . . . I wish I was never there and you never got hurt." Penick also recognized in

the letter that he "will be punished and will accept it," which can be construed as consistent with his defense and does not necessarily amount to an admission of guilt.

¶4     Thus, because it was a reasonable trial strategy to rely on this evidence in arguing that Penick was not involved in the attack, trial counsel was not deficient for failing to challenge the legality of the arrest or the admission of evidence that may have been a product of the arrest.[2] *See generally State v. King*, 2010 UT App 396, ¶ 30, 248 P.3d 984 ("Failure to establish either prong is fatal to a defendant's ineffective assistance claim."). Affirmed.

_____
James Z. Davis, Judge

-----

¶5     WE CONCUR:

_____
Gregory K. Orme, Judge

_____
J. Frederic Voros Jr., Judge

_____

        [2]The appellate briefs deal extensively with the legality of Penick's arrest and the viability of any motion to suppress that might have been made by trial counsel. However, because of the manner in which we have already resolved Penick's ineffectiveness claim, we need not address this issue.